IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEENA JOHNSON, ) <br> ) <br> Defendant. ) | 8:09CV146 <br><br> ORDER |

This matter is before the court on the motion (Doc. 12) of the United States to compel post-judgment discovery responses from the defendant.

## BACKGROUND

On July 17, 2009, this court entered default judgment (Doc. 10) against the defendant, Deena Johnson, and in favor of the United States of America in the principal amount of $7,495.48, together with interest thereon at .46 per cent per annum from the date of the judgment, until paid, plus costs in the amount of $518.38.

On January 27, 2010 counsel for the United States served interrogatories and requests for production of documents, in aid of execution of the judgment. The defendant did not respond to the discovery requests, prompting counsel to file this motion to compel. The court has reviewed the interrogatories and requests for production, and finds that the government's motion should be granted.

## DISCUSSION

Under Rule 69(a) of the Federal Rules of Civil Procedure, a judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person, including the judgment debtor. Discovery devices in the state and federal court systems include, but are not limited to, debtor's examinations, depositions upon oral examination or written questions, written interrogatories, requests for the production of documents or things, permission to enter upon land or other property for inspection and other purposes, physical and mental examinations, requests for admission, and subpoenas.

The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment, and the plaintiff "'is entitled to a very thorough examination of the judgment debtor.'" *Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). "The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a); *see* Neb. Rev. Stat. §§ 25-1564 through 25-1580. .

The defendant, Deena Johnson, is hereby ordered to answer all of the government's interrogatories and respond to all the government's requests for production of documents. Each interrogatory must be answered separately and fully in writing under oath. Any grounds for objecting to an interrogatory or request for production must be stated with specificity. Any ground not stated in a timely objection will be deemed waived unless the court, for good cause, excuses the failure. The person who makes the answers must sign them. If an attorney objects to the interrogatories, the attorney who objects must sign any objections. *See* Fed. R. Civ. P. 33(b)(3).

The defendant, Deena Johnson, is advised that failure to provide timely, complete, truthful, and non-evasive answers to the interrogatories may result in a finding of civil or criminal contempt under 28 U.S.C. § 636(e), or any appropriate sanction authorized by Fed. R. Civ. P. 37.

## ORDER

**IT IS ORDERED** that the government's Motion to Compel Answers to Interrogatories (Doc. 6) is granted, as follows:

1. Deena Johnson shall answer each of the plaintiff's "INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY JUDGMENT CREDITOR UNITED STATES OF AMERICA" no later than **June 25, 2010.** Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the specific reasons for objection must be stated in lieu of an answer. If Deena Johnson does not retain counsel, all answers and objections to the interrogatories shall be signed by Deena Johnson. If Deena Johnson does retain counsel in this matter, all answers shall be signed by Deena Johnson and any objections shall be signed by the attorney making the objections.

2. If Deena Johnson raises a frivolous objection to any of the interrogatories or fails to provide a timely, complete, truthful, and non-evasive response to each interrogatory, the court will entertain a motion for leave to institute civil or criminal contempt proceedings against Deena Johnson pursuant to 28 U.S.C. § 636(e), a motion pursuant to Fed. R. Civ. P. 37 for costs and sanctions, or any other appropriate request for relief.

3. Moving counsel shall serve a copy of this Order by regular and certified mail, return receipt requested, on the defendant, Deena Johnson.  Moving counsel shall file a Certificate of Service listing the names and addresses of the persons to whom notice was sent.

**DATED May 14, 2010.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**